## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FALEH SALHOUB, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) |
| | ) No. 25-2196-KHV |
| METROPOLITAN LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

On April 15, 2025, Faleh Salhoub filed suit against Metropolitan Life Insurance Company ("MetLife") under Sections 502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiff seeks damages for wrongful denial of benefits and equitable relief for breach of fiduciary duty. This matter is before the Court on defendant's Motion To Dismiss (Partial) (Doc. #8) filed June 11, 2025. For reasons stated below, the Court overrules defendant's motion.

## Legal Standards

In ruling on a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679–80.

Plaintiff bears the burden to frame his claims with enough factual matter to suggest that he

is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. See Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim by pleading factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully—it is not enough to plead facts that are "merely consistent with" liability. Id. (quoting Twombly, 550 U.S. at 557).

A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the pleading has alleged—but has not shown—that the pleader is entitled to relief. See id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P., depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008).

## Factual Background

Plaintiff's Complaint (Doc. #1) alleges as follows:

Plaintiff worked at Black & Veatch as a financial analyst. Black & Veatch sponsored a group long-term disability ("LTD") benefits plan for eligible employees. The plan is an employee welfare benefits plan governed by ERISA. MetLife serves as the claims administrator and funds benefits under the plan.

In June of 2021, plaintiff submitted a claim for LTD benefits, which MetLife approved for 24 months, i.e. through July 28, 2023. MetLife later denied plaintiff's claim for benefits beyond 24 months. Plaintiff filed an administrative appeal, but MetLife upheld its decision to deny

additional benefits.

On April 15, 2025, plaintiff filed suit against MetLife under ERISA.  Plaintiff asserts a claim for wrongful denial of benefits under Section 502(a)(1)(B), and a claim for equitable relief for breach of fiduciary duty under Section 502(a)(3).

## Analysis

Defendant seeks to dismiss plaintiff's claim for breach of fiduciary duty under Section 502(a)(3), 29 U.S.C. § 1132(a)(3), because it duplicates plaintiff's claim for denial of benefits under Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

Under Section 502(a)(1)(B) of ERISA, a plan participant or beneficiary may file suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Under Section 502(a)(3), a plan participant or beneficiary may file suit (1) to enjoin any act or practice which violates ERISA or the terms of the plan, or (2) to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of ERISA or the terms of the plan.  29 U.S.C. § 1132(a)(3).  Section 502(a)(3) is a "catchall" provision which acts as "a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy."  Varity Corp. v. Howe, 516 U.S. 489, 512 (1996); see Rochow v. Life Ins. Co. of N. Am., 780 F.3d 364, 371 (6th Cir. 2015) (claimant cannot pursue Section 502(a)(3) claim based solely on denial of benefits if Section 502(a)(1)(B) remedy is adequate to make claimant whole).

Defendant argues that because plaintiff has adequate remedies for wrongful denial of benefits under Section 502(a)(1)(B), he cannot maintain a separate claim for breach of fiduciary duty.  Plaintiff concedes that if his remedy under Section 502(a)(1)(B) is adequate, he cannot

obtain equitable relief for the same injury. Plaintiff argues, however, that the complaint properly alleges alternative theories of liability.

At the pleadings stage, plaintiff may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or in separate ones. Fed. R. Civ. P. 8(d). Several circuits have held that even though claimants cannot obtain duplicate recovery under Sections 502(a)(1)(B) and 502(a)(3), they may pursue simultaneous claims under both sections at the pleadings stage. Moyle v. Liberty Mut. Ret. Ben. Plan, 823 F.3d 948, 959–62 (9th Cir. 2016); N.Y. State Psychiatric Ass'n, Inc. v. UnitedHealth Grp., 798 F.3d 125, 133–35 (2d Cir. 2015); Silva v. Metro. Life Ins. Co., 762 F.3d 711, 725–27 (8th Cir. 2014).

Here, plaintiff pled alternative theories of liability: one for wrongful denial of benefits under the plan provisions and one for breach of fiduciary duty. Even if MetLife's alleged breach of fiduciary duty led to its denial of benefits, plaintiff's claim under Section (a)(3) is not duplicative because liability for breach of fiduciary duty "flows from the process, not the denial of benefits itself." Jones v. Aetna Life Ins. Co., 856 F.3d 541, 547 (8th Cir. 2017).[1] At this stage, because the Court cannot ascertain whether Section (a)(1)(B) will provide plaintiff adequate recovery, he may pursue recovery under both Sections (a)(1)(B) and (a)(3). See N.Y. State Psychiatric Ass'n, 798 F.3d at 134 (not clear at motion to dismiss stage that monetary benefits under Section (a)(1)(B) alone will provide plaintiff sufficient remedy); Silva, 762 F.3d at 726 (Supreme Court precedent does not require plaintiff to plead only one cause of action for recovery of plan benefits).

[1] See Smith v. Liberty Life Assurance Co. of Bos., No. 17-CV-01794-PAB-GPG, 2018 WL 4635983, at *3 (D. Colo. Sept. 27, 2018) (Varity does not bar pleading of parallel claims that rest on single injury if theories of relief different); O'Dowd v. Anthem Health Plans, Inc., No. 14-CV-02787-KLM, 2015 WL 5728814, at *4 (D. Colo. Sept. 30, 2015) (claim under Section (a)(3) seeks equitable relief in form of recovery of amounts defendant improperly gained from breach of fiduciary duty while claim under Section (a)(1)(B) seeks payment of benefits).

Furthermore, the Court sees no practical reason to address this issue—which will not impact discovery or any other pretrial matters—at this time.  The Court therefore overrules defendant's motion to dismiss plaintiff's claim for breach of fiduciary duty.[2]

     **IT IS THEREFORE ORDERED** that <u>Motion To Dismiss (Partial)</u> (Doc. #8) filed June 11, 2025 is **OVERRULED**.

     Dated this 16th day of October, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2]     In reply, defendant argues that the complaint includes conclusory allegations related to its alleged breach of fiduciary duty.  <u>Reply In Support Of Motion To Dismiss (Partial)</u> (Doc. #18) filed August 1, 2025 at 6–7.  Because MetLife did not raise this argument in its opening memorandum, the Court overrules it.  <u>See</u> <u>Corp. Lakes Prop., LLC v. Raphael & Assocs.</u>, No. 22-2161-KHV, 2024 WL 167369, at *5–6 (D. Kan. Jan. 16, 2024) (court ordinarily does not consider new arguments and evidence offered for first time in reply brief).  In any event, the complaint alleges in part that MetLife breached its fiduciary duty because it did not follow internal guidelines and claims handling procedures, did not provide plaintiff copies of relevant documents and refused to obtain all relevant evidence related to his claim.  <u>See</u> <u>Complaint</u> (Doc. #1), ¶¶ 81a., 81f., 81g.  MetLife has not shown that these alleged obligations arose from specific plan provisions, rather than its fiduciary relationship under ERISA.  At this stage, plaintiff has sufficiently alleged facts that separate from any plan provisions, MetLife breached its fiduciary duty as plan administrator.  <u>See, e.g.</u>, 29 C.F.R. § 2560.503-1(g)(1)(vii)(D) (upon request, claimant entitled to receive copies of all documents, records and other information relevant to claim)