IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| FALEH SALHOUB, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 25-2196-KHV |
| | ) | |
| METROPOLITAN LIFE | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On April 15, 2025, Faleh Salhoub filed suit against Metropolitan Life Insurance Company under Sections 502(a)(1)(B) and 502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Plaintiff seeks damages for wrongful denial of benefits and equitable relief for breach of fiduciary duty. This matter is before the Court on defendant's Unopposed Motion To Restrict Public Access To Administrative Record (Doc. #29) filed December 9, 2025. For reasons stated below, the Court sustains the motion in part.

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that parties present to a public forum for resolution. See Nixon v. Warner Commc'ns, 435 U.S. 589, 599 (1978); Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). The party seeking to overcome the presumption of public access must show that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents. Colony

Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  To do so, the party must articulate a real and substantial interest that justifies depriving the public of access to the records that inform the Court's decision-making process.  Id.; see also Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements").  The Court must rely on specific, rather than general, information when deciding to seal.  See United States v. Bacon, 950 F.3d 1286, 1294 (10th Cir. 2020).

Defendant requests that the Court seal the administrative record which includes (1) detailed medical records, diagnoses, treatment histories, physician opinions about plaintiff's medical conditions and other sensitive personal health information, (2) plaintiff's Social Security number, date of birth and other personal identifiable information and (3) plaintiff's financial and employment information.  Plaintiff does not oppose the motion.  In actions such as this one which seek damages for a plan administrator's wrongful denial of benefits under ERISA, the Tenth Circuit has granted motions to seal portions of the record which include "medical records and other documents containing personal health information and other confidential information about the parties."  Eugene S. v. Horizon Blue Cross Blue Shield of N.J., 663 F.3d 1124, 1136 (10th Cir. 2011).[1]  Likewise, to protect privacy rights in appeals of the Social Security Administration's

---

[1] See also E.W. v. Health Net Life Ins. Co., 86 F.4th 1265, 1303 (10th Cir. 2023) (granting motion to seal 39 volumes of record on appeal in their entirety because they contained (1) prelitigation record in district court, which consisted largely of plan participant's daughter's medical records, including name, birthdate, social security number and sensitive information concerning medical incidents and (2) confidential information associated with defendant, such as insurance contracts and criteria used to determine continued care for minors at residential treatment center is medically necessary); Stachmus v. Guardian Life Ins. Co. of Am., 853 F. App'x 268, 273 (10th Cir. 2021) (granting motion to seal five volumes of administrative record which included personal medical information and confidential business records); Benson v. Hartford Life & Acc. Ins. Co., 511 F. App'x 680, 687 (10th Cir. 2013) (granting motion to seal volume of record which was medical records); McClenahan v. Metro. Life Ins. Co., 416 F. App'x 693, 699 n.2 (10th Cir.
(continued. . .)

denial of disability benefits, the Court denies the public Internet access to all documents filed in the case except for orders designated as written opinions.  See Fed. R. Civ. P. 5.2(c), Limitation On Remote Access To Electronic Files; Social Security Appeals And Immigration Cases (allowing access to all documents at public terminals).  Here, the memoranda of the parties and the Court's public orders should adequately apprise the public of the relevant substantive information that the Court will consider to determine whether plaintiff is entitled to disability benefits.  Moreover, because of the size of the administrative record and the numerous references to protected information, redaction of the record would be burdensome.[2]  To protect the interest of the public to review the materials which form the basis of the Court's rulings, however, the Court will permit access to the entire record at the public terminals in the Clerk's offices.  On balance, except for the cover sheet for the administrative record (Doc. #27) and the plan documents (Long Term Disability Claim Documents (Doc. #27-1)), defendant has shown that the privacy interests of plaintiff outweigh the public interest in Internet access to the administrative record.  See Colony Ins., 698 F.3d at 1241.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion To Restrict Public Access To Administrative Record (Doc. #29) filed December 9, 2025 is **SUSTAINED in part**. **The Court directs the Clerk to remove the provisionally sealed designation on the following documents and only permit access to such documents for case participants and individuals at public terminals in the Clerk's offices: Administrative Record (Doc. #27-2 through Doc.**

---

[1](. . .continued)
 2011) (granting motion to seal six volumes of appendix which contained personal medical information).

[2]     The administrative record is some 5,000 pages.  See Administrative Record (Doc. #27) filed December 9, 2025.

**#27-14) filed December 9, 2025. Defendant shall redact plaintiff's social security number, taxpayer identification number, birth date and financial account numbers under Rule 5.2(a), Fed. R. Civ. P., and provide redacted copies of the <u>Administrative Record</u> (Doc. #27-2 through Doc. #27-14) to the Clerk's Office.[3]  The Clerk shall unseal the following provisionally sealed documents: cover sheet for the administrative record (Doc. #27) and <u>Long Term Disability Claim Documents</u> (Doc. #27-1).**

Dated this 9th day of January, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[3]  Under Rule 5.2(a), Fed. R. Civ. P., unless the Court orders otherwise, "in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number."